IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00335-WDM-PAC

GENESIS INSURANCE COMPANY, a Connecticut corporation,

     Plaintiff(s),

v.

DANIEL D. CROWLEY;
DONALD J. AMARAL;
WILLIAM J. CASEY;
L. PETER SMITH; and
SANDRA L. SMOLEY,

     Defendant(s).

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

This is a declaratory judgment action to determine whether plaintiff has coverage

obligations under a directors and officers liability policy to the defendants for tort claims

asserted against them in a lawsuit pending in the United States District Court for the

District of Delaware.  The matter before the court is the Motion of Arlin M. Adams, Chapter

11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare

Corporation and Coram, Inc., to Intervene as an Additional Defendant [filed June 8, 2005].

The motion has been referred to the undersigned for recommended disposition.  The

motion is fully briefed and I have determined that oral argument would not be of material

assistance.

I.

Plaintiff Genesis Insurance Company ("Genesis") issued a Directors and Officers

Liability Insurance Policy ("Policy")[1] to Coram Healthcare Corporation ("Coram") for the period from January 8, 1999 through January 27, 2001, and a discovery period for reporting claims with a January 27, 2002 deadline.   The Policy afforded specified coverage to Coram's directors and officers for losses arising out of claims for wrongful acts committed during the Policy period(s). Defendants are former officers and directors of Coram.

Coram filed for bankruptcy under Chapter 11 of the United States Bankruptcy Code in August 2000. The United States Bankruptcy Court for the District of Delaware entered an order confirming the Trustee's plan of Reorganization on November 1, 2004.   On December 29, 2004, pursuant to the approved Plan of Reorganization, the Trustee brought suit against defendants Crowley, Amaral, Casey, Smith and Smoley in the United States District Court for the District of Delaware, *Adams v. Crowley, et al.*, Case No. 04-1565 (D.Del. 2004), asserting claims against each defendant for breach of fiduciary duty. The complaint in the Delaware action generally alleges that defendant Crowley breached his duty of loyalty to Coram while he was serving as Coram's Chairman and Chief Executive Officer and that the other defendants, who were Coram's outside directors, breached their duties of care and good faith to Coram by failing to address and investigate Crowley's conflict-of-interest while the outside directors were serving on the board. (*See* Complaint filed in Action No. 04-1565, attached as Ex. A to Motion to Intervene)

The defendants tendered claims to Genesis under the Policy on December 31,

---

[1]The Policy is attached to the Complaint as Ex. A.

2004.  Plaintiff reviewed the complaint and determined that the Policy did not provide coverage for the claims asserted in the Delaware action. Genesis advised defendants of its decision to deny coverage and filed this declaratory judgment action to determine coverage issues for the claims asserted against the defendants in the Delaware action.

Defendants Amaral, Casey, Smith and Smoley have filed a counterclaim against Genesis for breach of insurance contract. Defendant Crowley has filed a third party complaint against National Union Fire Insurance Company, claiming that a National Union directors and officers liability policy provides coverage for the claims asserted against Crowley in the Delaware action, to the extent this court finds that there is not coverage under the Genesis policy.

Arlin Adams, the Chapter 11 Trustee of Coram, and the plaintiff in the Delaware action, now seeks leave to intervene in this case as a matter of right under Fed.R.Civ.P. 24(a)(2).  Alternatively, the Trustee moves, in the "Wherefore" clause, for discretionary intervention under Fed.R.Civ.P. 24(b).  Genesis opposes the motion.[2]

II.

A.      Intervention as a Matter of Right

Fed.R.Civ.P. 24(a) provides:

> Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may

---

[2]In accordance with D.C.COLO.LCivR 7.1A, the Trustee represents that the defendants do not oppose the motion to intervene.

as a practical matter impair or impede the applicant's ability
to protect that interest, unless the applicant's interest is
adequately represented by existing parties.

"The Tenth Circuit generally follows a liberal view in allowing intervention under
Rule 24(a)." *Elliott Industries, Ltd. Partnership v. BP America Production Co.*, 407 F.3d
1091, 1103 (10th Cir. 2005).

1.    Timeliness

Genesis first argues that the Trustee's motion to intervene is untimely because
it was filed four months after this action was initiated.

The timeliness of a motion to intervene is determined "in light of all the
circumstances, including the length of time since the applicant knew of his interest in the
case, prejudice to the existing parties, prejudice to the applicant, and the existence of any
unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th
Cir. 2001)(quoting *Sanguine, Ltd. v. United States Dep't of Interior*, 736 F.2d 1416, 1418
(10th Cir. 1984)).

Genesis does not claim that it was prejudiced by the timing of the Trustee's
motion, nor is any prejudice evident. The motion to intervene was filed on June 8, 2005.
Defendant Crowley filed his Answer and Third Party Complaint only one week earlier, on
June 1, 2005. The other defendants filed their Answer and Counterclaim on June 13,
2005. Moreover, the court had not entered a scheduling order in this case or set any
deadlines at the time the motion was filed. The mere lapse of time is not grounds for
denying a motion to intervene as untimely. *See Utah Ass'n of Counties*, 255 F.3d at 1251
(citing 7C Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and*

4

*Procedure* §1916, at 425-26 (2d ed. 1986)).

Because this action was in the early stages of litigation at the time the motion to intervene was filed and plaintiff has not been prejudiced by the delay in filing the motion, I recommend finding that the motion to intervene is timely.

    2.   <u>The Trustee's interest in the litigation</u>

The Trustee maintains that he has a "clear" interest in the insurance coverage dispute between Genesis and the defendants because the defendants' entitlement to the Policy proceeds will impact the Trustee's ability to satisfy any judgment he obtains in the Delaware action.[3] Genesis responds that the Trustee does not have a direct interest in this litigation because he has not obtained a judgment against the defendants in the Delaware suit.

A proposed intervenor's interest in the proceedings must be "direct, substantial, and legally protectable." *Coalition of Arizona/New Mexico Counties for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 840 (10th Cir. 1996)(internal quotations and citations omitted). The sufficiency of an applicant's interest is a fact-specific inquiry. *Id.* at 841. Primarily, the interest test is "a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id.* (internal quotations and citations omitted).

While threat of economic injury from the outcome of the litigation gives an applicant for intervention the requisite interest, *Utahns for Better Transportation v. United*

---

[3]The Trustee represents that defendants do not have the assets necessary to satisfy a full judgment against them in the Delaware action, which could exceed $100 million. Reply, at 7. The Policy limit is $25 million. (Complaint, Ex. A)

*States Dep't of Transportation*, 295 F.3d 1111, 1115 (10th Cir. 2002), the Tenth Circuit has held that a purported intervenor's contingent interest in pending litigation is insufficient. *See City of Stilwell v. Ozarks Rural Elect. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996)(affirming district court order denying motion for intervention under Rule 24(a) where the interest of applicant KAMO Electric Cooperative, the defendant's supplier of electric power, in a condemnation proceeding was contingent upon the defendant being allowed to continue to service its customers in Stilwell).

The Tenth Circuit has not addressed the specific issue of whether an injured party with a contingent interest in insurance policy proceeds may intervene as a matter of right in a declaratory judgment action between the insurer and the alleged tortfeasor/insured. However, there is a split of authority between the courts in other circuits that have addressed the question. Some courts have found that an injured party's contingent interest in insurance policy proceeds does not preclude intervention as a matter of right. *See Teague v. Bakker*, 931 F.2d 259 (4th Cir. 1991); *Security Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377 (7th Cir. 1995)(citing *Hartford Accident and Indemnity Co. v. Crider*, 58 F.R.D. 15 (N.D.Ill. 1973)); *Continental Ins. Co. v. Law Office of Thomas J. Walker*, 171 F.R.D. 183 (D. Md. 1997); *TIG Specialty Ins. Co. v. Financial Web.Com, Inc.*, 208 F.R.D. 336 (M.D.Fla. 2002); *St. Paul Fire & Marine Ins. Co. v. Summit-Warren Indus. Co.*, 143 F.R.D. 129, 134 (N.D. Ohio 1992); *New Hampshire Ins. Co. v. Greaves*, 110 F.R.D. 549 (D.R.I. 1986). Other courts have denied intervention under Rule 24(a), concluding that a contingent interest in insurance proceeds is too remote and speculative to satisfy the Rule. *See Liberty Mutual Ins. Co. v. Treesdale, Inc.*, ___ F.3d

6

__, 2005 WL 1939798 (3rd Cir. 2005); *In re HealthSouth Corp. Ins. Litigation*, 219 F.R.D.

688 (N.D. Ala. 2004); *General Star Indemnity Co. v. Virgin Islands Port Authority*, 224

F.R.D. 372 (D.C.V.I. 2004); *Ace American Ins. Co. v. Paradise Divers, Inc.*, 216 F.R.D. 537

(S.D. Fla. 2003); *Redland Ins. Co. v. Chillingsworth Venture, Ltd.*, 171 F.R.D. 206 (N.D.

Ohio 1997); *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.*, 105 F.R.D.

106 (D.D.C. 1985), *aff'd without opinion* 784 F.2d 1131 (Table) (D.C.Cir. 1986).

Although the Tenth Circuit generally follows a liberal view in allowing intervention

under Rule 24(a)(2),   I recommend finding that the Trustee's interest in the Policy

proceeds, which is contingent upon the Trustee's first obtaining a judgment against the

defendants in the Delaware action, is too attenuated to satisfy the Rule's requirement

that the purported intervenor's interest in the litigation be "direct, substantial and legally

protectable."   *See Stilwell*, 79 F.3d at 1042. Accordingly, the Trustee's request for

intervention under Rule 24(a)(2) should be denied.

Even if the contingent nature of the Trustee's interest in the Policy is not fatal to his

motion to intervene, I nonetheless recommend finding that intervention as a matter of

right is not warranted because the Trustee has not shown that the defendants'

representation in this action is inadequate.

3.    Adequacy of Representation

The applicant for intervention bears the burden of showing that the representation

by the existing parties is inadequate to protect the applicant's interests.   *Trbovich v.*

*United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *Sanguine, Ltd.,* 736 F.2d at 1419.

In the Tenth Circuit, representation is presumptively adequate when the purported intervenor's objective is identical to that of one of the parties. *See Bottoms v. Dresser Indus., Inc.*, 797 F.2d 869, 872 (10th Cir. 1986); *Kiamichi R. Co., Inc. v. Nat'l Mediation Bd.*, 986 F.2d 1341, 1345 (10th Cir. 1993); *City of Stilwell,* 79 F.3d at 1043.

Here, the Trustee and the defendants have identical interests – to obtain a judicial declaration that plaintiff is obligated to provide maximum coverage under the Policy for the claims asserted against the defendants in the Delaware action.   Accordingly, the presumption of adequate representation applies and the Trustee  must make a "concrete showing of circumstances . . . that make [the existing party's] representation inadequate." *Bottoms*, 797 F.2d at 872 (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §1909, at 529 (1972)). An applicant can overcome the presumption with evidence that the representative and the opposing party are in collusion, that the representative has an interest adverse to the applicant, or that the representative is failing to represent the applicant's interest. *Sanguine*, 736 F.2d at 1419.

The Trustee argues that the defendants may be financially unable to litigate this declaratory judgment action to its conclusion because the defendants are also paying to defend the claims against them in the Delaware action. The Trustee contends that he "cannot be assured that some or all of [the defendants] will be willing to devote the necessary resources to defend against Genesis' claims, or that they will do so diligently and zealously."  Motion to Intervene, at 6.  However, the Trustee offers no evidence in support of his conclusory assertions.

8

The case file reflects that defendants have thus far acted diligently and vigorously in asserting their rights to coverage under the Genesis Policy. All defendants have hired prominent Denver law firms to protect their interests. Defendant Crowley is also represented by a firm in Chicago, Illinois. Defendants have filed answers to the complaint denying Genesis's claims that it is entitled to declaration(s) that various provisions of the Policy preclude coverage for the alleged tortious acts which are the basis of the Delaware action, and seeking a declaration that Genesis is required to provide coverage under the Policy. Further, the outside director defendants have filed a counterclaim against Genesis for breach of contract and defendant Crowley has filed a third party complaint against another insurance carrier, claiming coverage under a separate policy in the event the court rules in favor of Genesis in this action. Unlike the cases the Trustee relies on, there is no evidence to date that the insured's defense in this action is lacking or non-existent. *See* Reply, at 8, n.3, citing cases.

In his Reply brief, the Trustee states that counsel for the outside directors have represented to the Trustee that they are defending this action *pro bono* "unless and until Genesis provides a defense." Reply, at 8. However, *pro bono* representation does not mean that the defendants' representation will be inadequate. Counsel for the outside directors has not moved to withdraw in this case and there is no information before the court to indicate that counsel intends to do so. Accordingly, the Trustee has failed to demonstrate that the defendants are not adequately representing his interest in this action. Moreover, the Trustee has made no showing of collusion between the defendants and the plaintiff, or any showing that the defendants have an interest adverse

9

to the Trustee in this action.   Where the purported intervenor and a party have identical

interests in the litigation, it is irrelevant that their motivations might differ.  *City of Stilwell*,

79 F.3d at 1042.

Accordingly, even if the Trustee's interest in this litigation is sufficient under Rule

24(a)(2), I recommend that the motion to intervene as a matter of right be denied

because the Trustee has failed to meet his burden to show that the defendants'

representation is inadequate to protect his interests.

B.    Permissive Intervention

Alternatively, the Trustee seeks permissive intervention under Rule 24(b).  Rule

24(b) states:

> Upon timely application anyone may be permitted to intervene
> in an action: . . . (2) when an applicant's claim or defense and
> the main action have a question of law or fact in common. . .
> In exercising its discretion the court shall consider whether
> the intervention will unduly delay or prejudice the adjudication
> of the rights of the original parties.

Fed.R.Civ.P. 24(b).

Under Rule 24(b), the court, in its discretion, may or may not permit intervention,

even if the Rule's requirements are otherwise satisfied.  *See Kiamichi R.R. Co., Inc.,* 986

F.2d at 1345; *City of Stilwell*, 79 F.3d at 1043.

The Rule's common question of law or fact requirement is met here because

applicant seeks to defend against Genesis' Complaint for Declaratory Judgment.  *See*

Motion to Intervene, Ex. C, proposed Answer in Intervention.  However, because the

Trustee's interest in this case is being adequately represented, I am not inclined to

recommend that the Trustee be allowed to intervene to make the same legal arguments as the current defendants. *See General Ins. Co. of America v. Rhoades*, 196 F.R.D. 620 (D.N.M. 2000)(denying request for permissive intervention where injured party's interest in insurance coverage dispute was adequately represented by the insured and where injured party's pleadings and litigation position would merely duplicate the insured's); *see, also, Arney v. Finney*, 967 F.2d 418, 421-22 (10th Cir. 1992)(denying class member's Rule 24(b) motion to intervene as a class representative because his intervention would "clutter the action unnecessarily.")

III.

For the reasons set forth above, it is

**RECOMMENDED** that the Motion of Arlin M. Adams, Chapter 11 Trustee of the Post-Confirmation Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc., to Intervene as an Additional Defendant [filed June 8, 2005] be **DENIED.**

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

11

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated August 31, 2005.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge

12