IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00335-WDM-PAC

GENESIS INSURANCE COMPANY, a Connecticut corporation,

    Plaintiff(s),

v.

DANIEL D. CROWLEY;
DONALD J. AMARAL;
WILLIAM J. CASEY;
L. PETER SMITH; and
SANDRA L. SMOLEY,

    Defendant(s).
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Patricia A. Coan, Magistrate Judge**

This is an insurance coverage case.  A May 3, 2005 Order of Reference assigned this case to me for pretrial case management.  The matter now before the court is defendant and third party plaintiff Daniel D. Crowley's Motion to Amend Answer and Assert Counterclaim, Doc. # 97, filed July 10, 2006 (Crowley Motion).  Genesis has responded.  See Doc. # 109.  I have determined that further briefing and oral argument would not be of material assistance.

I.

As grounds for his motion, Mr. Crowley claims that plaintiff Genesis has acted in bad faith during the litigation of this action, and that, with discovery (Mr. Crowley has

not identified), he now believes that Genesis denied coverage and refused to advance defense costs in bad faith. Consequently, Mr. Crowley asks to assert a counterclaim against Genesis for breach of contract and bad faith, and to amend his answer to state additional affirmative defenses. See Crowley Motion, ¶¶7-9.

Genesis opposes amendment arguing that Mr. Crowley has unduly delayed moving to amend without any explanation for the delay, because Genesis would be prejudiced by the proposed amendment in that the remainder of the discovery period would not allow for adequate discovery, and because amendment would necessitate extending the discovery period and would delay the progress of this case toward trial.

II.

Rule 15 governs a motion to amend a pleading, and Rule 15(a) provides for liberal amendment. See Fed. R. Civ.P. 15. Under well-established law, leave to amend is a discretionary matter which is left to the trial court to determine. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006)(internal citations omitted). Amendment under the rule has been freely granted. *Castleglenn, Inc. v. Resolution Trust Company*, 984 F.2d 1571, 1585 (10th Cir. 1993) (internal citations omitted). Refusing leave to amend is justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive. *Las Vegas Ice & Cold Storage Co. v. Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Genesis argues that there is no reasonable explanation for the delay in moving to amend the answer to assert the counterclaim because Mr. Crowley has known of

Genesis's coverage position at least since the complaint was filed in this action on February 23, 2005.  See Genesis Resp. at 2.   Genesis contends that the facts on which the proposed counterclaims are based were thus known to Mr. Crowley eighteen months ago.

I agree.  Even under the liberal standards for allowing amendments, untimeliness alone may be a sufficient basis for denial of leave to amend and prejudice to the opposing party need not also be shown.  *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir.1993); *Las Vegas,* 893 F.2d at 1185.  Courts look to the reasons for the delay and the presence or absence of excusable neglect. *Federal Ins. Co. v. Gates Learjet Corp.*, 823 F.2d 383, 387 (10th Cir.1987).  Leave to amend may be denied where the moving party was aware of the facts on which the amendment was based for some time prior to the filing of the motion to amend. *Id.* Stated another way, where the party seeking an untimely amendment knows or should have known of the facts upon which the proposed amendment is based, but fails to assert them in a timely fashion, the motion to amend is subject to denial. *See Woolsey v. Marion Laboratories, Inc.,* 934 F.2d 1452, 1462 (10th Cir. 1991); *State Distributors, Inc. v. Glenmore Distilleries Co.*, 738 F.2d 405, 416 (10th Cir.1984)(internal citations omitted).

I note that Mr. Crowley was notified of Genesis's decision to deny coverage at the latest on the date he waived service of a copy of the complaint, which was approximately March 7, 2005.  See Doc. # 4.  He moved for amendment about sixteen months later.  See Doc. #97, filed July 10, 2006.  Mr. Crowley not only has failed to

provide any explanation for his delay in moving to amend, but he also does not provide any basis for late amendment due to developments in discovery or because of any other new information; and, while Mr. Crowley mentions discovery as the reason for his motion to amend, he fails to point to any specific discovery which the court could evaluate. Accordingly, I recommend finding that Mr. Crowley was aware of the facts supporting his proposed breach of contract and bad faith claims when he waived service of the complaint in this action, over sixteen months ago. I recommend further finding that Mr. Crowley's motion is untimely and that he has not given any reason for the delay or stated any facts which would constitute excusable neglect. His motion to amend therefore should be denied.[1]

### III.

Accordingly, for the reasons stated, I recommend that defendant and third party plaintiff Daniel D. Crowley's Motion to Amend Answer and Assert Counterclaim, Doc. # 97, filed July 10, 2006, be DENIED.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district judge shall make a de novo determination of those portions of the proposed findings or specified**

---

[1] Because I recommend denying the motion to amend as untimely, I need not consider plaintiff's alternative arguments of undue prejudice, see *Frank*, 3 F.3d at 1365, or delay of the case.

**recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.**

**Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of de novo review of the recommendation by the district judge and may also waive the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated August 8, 2006.

BY THE COURT:

s/ Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge.