IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 05-cv-00335-WDM-PAC

GENESIS INSURANCE COMPANY, a Connecticut corporation

    Plaintiff and Counter-Defendant,

v.

DANIEL D. CROWLEY

    Defendant,

ARLIN M. ADAMS, Chapter 11 Trustee of the Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc.

    Defendant and Counter-Claimant.

## ORDER ON MOTIONS TO TRANSFER

Miller, J.

This matter is before the court on the Motion of Arlin M. Adams, Chapter 11 Trustee of the Bankruptcy Estates of Coram Healthcare Corporation and Coram, Inc. For Change of Venue to the District of Delaware (doc no 91) ("Motion to Transfer"). Defendant Daniel D. Crowley ("Crowley") joins the motion. Plaintiff opposes the motion. I note also that Crowley's Motion for Change of Venue Pursuant to 28 U.S.C. § 1404(a) (doc no 51) is pending, although it was superseded by Trustee's motion and is moot. After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the Motion to Transfer is denied.

## Background

This case has its origins in the bankruptcy proceedings of two entities, Coram Healthcare Corporation and its wholly owned subsidiary, Coram, Inc. (collectively "Coram"), in the United States Bankruptcy Court for the District of Delaware. The Coram entities are incorporated in Delaware but headquartered in Colorado. Crowley is the former CEO and Chairman of Coram. Defendant Arlin M. Adams is the Trustee of the bankruptcy estates of Coram ("Trustee"). In connection with the reorganization of Coram, Trustee filed an action against Crowley and several other defendants, all outside directors of Coram (the "Outside Directors"), in the United States District Court for the District of Delaware, alleging that the defendants had breached their fiduciary duties to Coram (the "Underlying Lawsuit"). Crowley and the Outside Directors sought coverage for the defense of the Underlying Lawsuit on a Directors' and Officers' Liability Policy purchased by Coram from Plaintiff Genesis Insurance Company ("Genesis"). Genesis then filed this action against Crowley and the Outside Directors seeking a declaration that the policy does not provide coverage for the claims asserted by Trustee in the Underlying Lawsuit.

The Outside Directors thereafter settled with Trustee in the Underlying Lawsuit and Trustee was substituted for the Outside Directors in this action. Trustee has also filed another lawsuit in Delaware against Genesis based its refusal to cover Trustee's settlement with the Outside Directors. Trustee has filed the instant motion seeking to transfer this case to the District of Delaware pursuant to 28 U.S.C. § 1404(a).

## Discussion

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The party moving to transfer a case pursuant to section 1404(a) bears the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991) (citations omitted). Motions to transfer pursuant to this provision should be determined according to an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (citations omitted). Among the factors a district court should consider are the following:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). An action may be transferred under section 1404(a) at any time. *Id.*

Although a plaintiff's choice of forum is given deference, where that forum is not the plaintiff's residence, it is given less weight. *Ervin & Assoc., Inc. v. Cisneros*, 939 F. Supp. 793, 799 (D. Colo. 1996). Nonetheless, "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992).

The parties apparently do not dispute that this case could have been filed in the District of Delaware and that analysis under section 1404(a) is thus appropriate. In support of his motion, Trustee argues that none of the parties are residents of Colorado, that Trustee is 85 years old and lives near the Delaware District Court, that litigating this action in Delaware would be more convenient for him and for Genesis, which is a resident of Connecticut,[1] that the witnesses disclosed by Genesis are not located in Colorado and are outside the subpoena power of this Court, that many of the relevant documents are in Trustee's office near Delaware, that the Coram entities are Delaware corporations, that the interests of justice weigh in favor of transfer to Delaware because it is the venue for the Underlying Lawsuit and the second coverage lawsuit filed by Trustee, and that there is a close nexus between this case and the bankruptcy proceedings, also sited in Delaware. Crowley adds that it has been a significant burden for him to litigate in both Colorado and Delaware and that numerous efficiencies would result from combining the related cases.

In response, Plaintiff contends that the motion is untimely and that Colorado substantive law will apply to the coverage dispute, making Colorado an appropriate forum. Plaintiff further argues that the issues in this case are distinct from those in the Underlying Lawsuit and that Colorado has a significant connection to the management decisions and events giving rise to all of these related actions.

Applying the factors identified in *Chrysler Credit Corp.*, I do not find that the concerns identified by Trustee and Crowley tip the balance in their favor such that they

---

[1] I take notice that third party defendant National Union Fire Insurance Co. of Pittsburgh, Pa. has been dismissed from this action and so its convenience is not a factor in my analysis.

4

should override the Plaintiff's choice of this forum, even if Plaintiff is not a resident of Colorado. The Plaintiff has chosen this forum for valid reasons, which weighs against transferring the case. In addition, although I take due notice of Trustee's age and the convenience that litigation in Delaware would afford him, it does not appear that any other parties or witnesses would be significantly more inconvenienced by continuing these proceedings in Colorado rather than Delaware, since none appear to be residents of Delaware.[2] I also take note that Crowley has been inconvenienced by litigating in at least two states; however, much of the cost and expense appears to be the result of the multiplicity of lawsuits, all of which are in different stages of litigation, not simply because this case was filed in Colorado. In addition, although Trustee has stated that the Outside Directors are outside of the subpoena power of this Court, he has not shown that he will be unable to secure the attendance of these witnesses unless the case is transferred. Similarly, the location of the evidence does not appear to have been unduly inconvenient as fact discovery is complete at this time and the parties have begun briefing dispositive motions.

Finally, the pendency of the related litigation in Delaware does not alter my analysis. While some efficiencies could result if the case were transferred and consolidated with the Underlying Lawsuit (and consolidation is not guaranteed), a comparison of the complaints of the two actions indicates that the issues to be litigated are distinct. The focus of this case is contract interpretation, in particular whether the events

---

[2] Although the Outside Directors indicate their support for Trustee's motion, I observe that they previously averred to the Delaware court in the Underlying Lawsuit that litigating in Colorado would be more convenient for them.

5

at issue are covered despite the alleged expiration of the policy and the scope of various contract terms contained in the policy. While determination of these matters may overlap with some of the factual issues in the Underlying Lawsuit, which concerns the propriety of the actions taken by Crowley and the Outside Directors, the legal and factual issues are largely separate. I do not find that the second coverage action bears on the transfer request as it was filed after this case was commenced. Moreover, that Colorado law is the substantive law governing the policy's interpretation, which Trustee apparently does not does not dispute, weighs against transfer.

Accordingly, it is ordered:

1. The Motion to Transfer (doc no 91) is denied.

2. The Motion for Change of Venue (doc no 51) is denied as moot.

DATED at Denver, Colorado, on February 1, 2007

BY THE COURT:

s/ Walker D. Miller
United States District Judge